PER CURIAM.
• We have for review the decision in KW. v. State, 665 So.2d 383 (Fla. 3d DCA 1996), in which the Third District Court of Appeal certified conflict with the opinions in M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995), and A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
K.W. was found to have committed the offenses of carrying a concealed firearm, Ole-gal possession of a firearm by a minor, and resisting arrest without violence. However, the court withheld adjudication of delinquency. On appeal, the district court affirmed the trial court, finding no violation of K.W.’s constitutional protection against double jeopardy based upon the dual offenses of carrying a concealed weapon and illegal possession of a firearm by a minor. However, the district court certified the same conflict that it certified in M.P. v. State, 662 So.2d 1359 (Fla. 3d DCA 1995). KW., 665 So.2d at 384.
In M.P., the district court certified conflict with the opinions in A.J.H. and M.P.C. on the double jeopardy issue. M.P., 662 So.2d at 1360. After reviewing M.P., we concluded that dual adjudications for the offenses of carrying a concealed weapon and illegal possession of a firearm by a minor did not violate the constitutional prohibition against double jeopardy. M.P. v. State, 682 So.2d 79 (Fla.1996).
Accordingly, we approve the decision below [1] and, as we did in M.P., disapprove the opinions mAJ.H. and M.P.C.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. We decline to address the other issue raised by K.W.